Kaveh Ardalan
Attorney at Law (188775)
2100 North Broadway, Suite 200
Santa Ana, California 92706
Tel:   714-273-2526
Fax:   714-242-2037
*kurd@ymail.com*

Attorney for Plaintiff

United States District Court

Southern District of California

| | |
|---|---|
| Seyed Mohammad Saeid SHEIKHOLESLAMI,<br><br>Plaintiff,<br><br>VS.<br><br>United States Department of State; Hon. Anthony J. Blinken, The Secretary of State, in his official capacity; Jeffry L. Flake, the United States Ambassador in Turkiye, in his official capacity; and DOES 1-9,<br><br>Defendants. | Case No. '23CV0069 JM   AHG<br><br>Complaint |

## INTRODUCTION

1. Plaintiff, Seyed Mohammad Saeid SHEIKHOLESLAMI, is a native and citizen of Iran.

2. On or about 26 October 2016, Plaintiff's daughter, a naturalized US citizen ("the Petitioner") filed an alien relative petition with the Department of Homeland Security ("USCIS").

3. On 24 October 2017, the USCIS approved the petition and sent the petition to the National Visa Center, an agency of the U.S. Department of State, to complete the consular action and the immigrant visa processing.

4. Thereafter, NVC assigned the application to the United States Embassy in Ankara, Turkiye (Case No. ANK2018559003).

5. On 13 August 2018, the NVC completed its processing of the application and scheduled an immigrant visa interview for Plaintiff at Ankara on 25 September 2018. A true and correct copy of the Interview Notice is attached as Exhibit "A."

6. On 25 September 2018, at 9:15 AM, Plaintiff appeared at his scheduled interview.

7. At the conclusion of the interview, a consular officer informed Plaintiff that his application was complete, and he will receive a notification as soon the "background check was completed."[1]

8. Effective April 8, 2021, COVID-19-related Presidential Proclamations 9984, 9992, and 10143, which restrict the entry into the United States of individuals physically present in the People's Republic of China, Islamic Republic of Iran, Schengen Area, United Kingdom, Republic of Ireland, Brazil, and South Africa, are no longer in effect for immigrant visa holders. The Immigrant Visa Unit in Ankara began granting immigrant visas to applicants otherwise eligible, notwithstanding these proclamations.

9. After the resumption of immigrant processing at Ankara, Plaintiff has made several inquiries regarding the status of his application; however, the Embassy has failed to respond to Plaintiff's inquiries.

10. Defendant U.S. Department of State is an executive branch agency of the United States Government. It is responsible with administering immigration visa application.

11. Defendant Anthony J. Blinken is the Secretary of State and is sued in his official capacity.

12. Defendant Jeffry L. Flake is the United States Amabassor to Turkiye and is sued in his official capacity.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 5 U.S.C. § 702.

14. Venue is proper in this District under 28 U.S.C. § 1391(b) and 5 U.S.C. § 703 because the Petitioner lives in San Diego County, the immigration petition was filed with the USCIS Field Office in San Diego, the adjudicated claims arose in the District,

---

[1] It should be noted that in October 2017 Plaintiff's application was subject to the Presidential Travel Ban.

Defendants reside in this District, and a substantial part of the events giving rise to this action occurred in the District.

### FIRST CAUSE OF ACTION

### Administrative Procedure Act

### Agency Action That is Arbitrary, Capricious, or an Abuse of Discretion

15. The APA empowers this court to hold unlawful and set aside agency action that is arbitrary, capricious, and abuse of discretion or not otherwise in accordance with law (5 U.S.C. § 706(2)(A)).

16. Plaintiff has a clear right in requesting that the Department of State perform its duty and complete the "background check" without further unreasonable delay. The APA requires agencies to conclude matters within a reasonable time.

17. The APA authorizes a federal court to compel agency action unlawfully withheld or unreasonably delayed.

18. The State Department has a clear, nondiscretionary duty to perform the background check diligently, in good faith, and within a reasonable time.

19. The State Department received the approved petition from the Dept. of Homeland Security in October 2017. The Department's failure to complete the "background check" within this time is unreasonable.

20. As noted above, plaintiff has not received a meaningful, constructive, informative, or actionable response from the U.S. Embassy regarding the reasons behind the lengthy "background check" delay.

21. Plaintiff does not have any other remedy other than pursuing a mandamus relief against the agency. There is no administrative process available to plaintiff; therefore, plaintiff has no other adequate remedy other than seeking relief under APA.

22. A delay of more than five years is egregious.

///

## SECOND CAUSE OF ACTION

### Administrative Procedure Act

### Agency Action Not in Accordance with Law

23. Plaintiff incorporates Paragraph 1-22 of the Complaint.

24. The APA empowers this court to set aside an agency action that is "not in accordance with law" (5 U.S.C. § 706(2)(A)).

25. The State Department has an affirmative obligation to ensure that immigrant visa applications are adjudicated on their merit. This obligation requires that the benefit requested by the applicant are adequately addressed and resolved after full consideration of the evidence presented in the application.

26. The State Department and the U.S. Embassy Ankara abdicated their statutory responsibilities by failing to complete the "background check" within a reasonable time. This Court can compel agency action that are unreasonable delayed. The Defendants must comply with their obligation to affirmatively address the application and conclude the "background check."

**WHEREFORE**, Plaintiff, prays for judgments against the Defendants, and each of them, as follows:

A. Enter a declaratory judgment that State Department's delay is arbitrary, capricious, and abuse of discretion or contrary to law, and without observance of procedure required by law;

B. Direct the Department of State and/or the U.S. Embassy Ankara to take all affirmative steps necessary to remedy the effects of its unreasonable delay described herein and conclude the matters within a reasonable time;

C. Award Plaintiff his reasonable attorney's fees and costs; and

D. Order such other and further relief as the court deems appropriate and just.

DATED: 01-12-23

_____
Kaveh Ardalan, Attorney for Plaintiff



　　　　　　　　　　　　　　　　　　　　　　　　　　Kawa Ardalan <shwisha@gmail.com>

## Immigrant Visa Interview Appointment

National_Visa_Center@state.gov <National_Visa_Center@state.gov>　　　　　　　Mon, Aug 13, 2018 at 7:06 AM
To: ELLIEVAKIL@gmail.com, KURD@ymail.com, SHWISHA@gmail.com

AUGUST 13, 2018

Case Number: ANK2018559003

Invoice ID: IVSCA00000012847

SHEIKHOLESLAMI, SEYED MOHAMMAD SAEID:

The National Visa Center (NVC) completed its processing of your immigrant visa application and forwarded it to the U.S. Embassy/Consulate General, where an immigrant visa interview has been scheduled. Appointment information is located at the bottom of this email.

**Important Information:**
You submitted forms and supporting documents to the NVC in electronic form. You must present the original forms and documents for review by the consular officer during your interview.

Please promptly read and follow all Interview Preparation Instructions located on the Department of State's web site at: https://nvc.state.gov/interview.

Important information regarding the required medical appointment is also listed on this site. Failure to promptly follow all instructions provided on this site will result in your immigrant visa being refused at the initial interview.

You should present this letter upon arrival at the Embassy/Consulate General.

Those members of your family, named below, must appear at the Embassy/Consulate General on the appointment date.

**What To Do if You Cannot Keep the Appointment:**
Some Embassies/Consulates General reschedule interview appointments themselves; others utilize an outside service provider to reschedule appointments. To determine the proper procedure for rescheduling your interview appointment, please go to the Department of State's web site at: https://nvc.state.gov/interview, under "Step 2", select your interview location from the dropdown and click "Download PDF" and follow your Embassy/Consulate General's instructions listed under "Contact Information" on the right.

**Reminders:**

- Read and follow all interview instructions located at https://nvc.state.gov/interview
- Bring this letter to your medical examination because the panel physician may need to review it before performing the examination.
- If a sponsor filed an I-864 (Affidavit of Support) AND provided the NVC with proof of an IRS Federal Income Tax Extension in lieu of a Federal Income Tax Return, you must upload this to CEAC or bring the sponsor's most recent Federal Income Tax Return to the visa interview.
- Failure to present all necessary documents to the Consular Officer will result in your immigrant visa being refused at the initial interview.

**Questions:**
The National Visa Center has completed its processing of this case and any further inquiries should be addressed to the U.S. Embassy, Consulate General, or Diplomatic Mission listed below. When communicating with the Embassy/Consulate General by e-mail, letter, or fax, always refer to your name and case number exactly as they appear.

**Immigrant Visa Interview Details:**

Interview Date/Time:　SEPTEMBER 25, 2018 at 09:15 AM
Interview Location:　　ANKARA, TURKEY
NVC Case Number:　　ANK2018559003
Invoice ID:　　　　　　IVSCA00000012847
Principal Applicant:　　SHEIKHOLESLAMI, SEYED MOHAMMAD SAEID
　　　　　　　　　　　　2 DANESH KOOY
　　　　　　　　　　　　TEHRAN, TEHRAN
　　　　　　　　　　　　IRAN
Preference Category:　IR5-Parent of US Citizen
A #:　　　　　　　　　066523818